IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| KAREN D. LUNDGREN,<br>　　　Plaintiff,<br><br>vs.<br><br>MATRIXX INITIATIVES, INC., et al.,<br>　　　Defendants. | ORDER AND<br>MEMORANDUM DECISION<br><br><br>Case No. 1:10-cv-128<br><br>Judge Tena Campbell |

## I. INTRODUCTION

Karen Lundgren alleges she lost her sense of smell and much of her sense of taste after using Zicam Cold Remedy Nasal Gel (Zicam) in 2010.  She sued the various entities that own, manufacture, or market Zicam (collectively Matrixx) for design defect, failure to warn, negligence, and misrepresentation.

Matrixx moves for summary judgment under Federal Rule of Civil Procedure 56(c),[1] arguing that Ms. Lundgren cannot prove at least one essential element in each of her claims because she failed to designate any expert witnesses.  For the reasons set forth below, the court GRANTS Matrixx's Motion for Summary Judgment (Docket No. 34), and this case is dismissed.

---

[1] The parties also present three other motions to the court.  First, Matrixx moves for partial summary judgment on whether punitive damages should be allowed in this case (Docket No. 35).  Because the court grants the motion for summary judgment and dismisses this case, Matrixx's motion for partial summary judgment is DENIED AS MOOT.
　　Second, Ms. Lundgren moves to strike certain references made in Matrixx's motion for summary judgment and partial motion for summary judgment (Docket No. 49).  In arriving at its decision today, the court has not relied upon any of the references that Ms. Lundgren disputes in her motion to strike.  So, Ms. Lundgren's motion to strike is DENIED AS MOOT.
　　Finally, Ms. Lundgren moves to amend her responses to Matrixx's motions (Docket No. 56).  The court has carefully examined all of Ms. Lundgren's filings, both her actual filings and her proposed amended filings.  The court's decision today is unaffected by any changes proposed by Ms. Lundgren, so her motion to amend is DENIED AS MOOT.

## II. ANALYSIS[2]

Ms. Lundgren alleges four tort causes of action: strict liability for design defect, strict liability for failure to warn, negligence, and misrepresentation. To recover under any of these theories of liability, Utah law requires a plaintiff to demonstrate a causal link between the injury complained of by the plaintiff and the defendant's action or inaction. See Dimick v. OHC Liquidation Trust, 157 P.3d 347, 349 (Utah. App. 2007) ("To prevail on a [design defect] claim, a plaintiff must demonstrate . . . that the defective condition was a cause of the plaintiff's injuries."); House v. Armour of Am., Inc., 929 P.2d 340, 343 (Utah 1996) ("In any failure to warn claim, a plaintiff must show that the failure to give an adequate warning in fact caused the injury. . . ."); Barson ex rel. Barson v. E.R. Squibb & Sons, Inc., 682 P.2d 832, 835 (Utah 1984) ("In a [negligence] case, the plaintiff must therefore prove . . . that the conduct complained of was the cause in fact of the injury."); see Atkinson v. IHC Hospitals, Inc., 798 P.2d 733, 737 (Utah 1990) (noting that a defendant can be held liable for misrepresentations that cause harm to a plaintiff); see also Restatement (Third) of Torts: Prod. Liab. § 9 (1998) (noting that the seller of a product can be held liable for damage caused by fraudulent or negligent misrepresentations).

To prove causation in torts cases such as this one, Utah courts generally require expert testimony in all "but the most obvious cases." Ladd v. Bowers Trucking, Inc., 264 P.3d 752, 756 (Utah App. 2011) (quoting Fox v. Brigham Young Univ.,176 P.3d 446, 452 (Utah App. 2007)). "Where the injury involves obscure medical factors which are beyond an ordinary lay person's

---

[2] The parties thoroughly described the factual and procedural backgrounds of this case in their pleadings. The court will not repeat them except when necessary to explain the Order. Moreover, because this is a motion for summary judgment, the court views the facts in the light most favorable to the non-movant, Ms. Lundgren.

knowledge, necessitating speculation in making a finding, there must be expert testimony that the [defendant's conduct] probably caused the injury." Id. (quoting Beard v. K–Mart Corp., 12 P.3d 1015, 1019 (Utah App. 2000)). And although causation is a question of fact that is generally reserved for the jury, a trial court may make a legal ruling on causation if "there is no evidence to establish a causal connection, thus leaving causation to jury speculation." See id. at 756 (affirming a district court's grant of summary judgment against a plaintiff because he failed to designate any expert witnesses who could testify about causation).

To show a causal link between Zicam and her loss of smell, Ms. Lundgren relies on the opinions of her two treating physicians, who were designated only as lay witnesses under Federal Rule of Evidence 701; Ms. Lundgren did not designate any expert witnesses.[3] That is not enough for the injuries alleged in this case. Ms. Lundgren's injuries involve a number of factors that are beyond an ordinary lay person's knowledge and expert testimony is needed to help the jury make a determination about whether Zicam caused her loss of smell and taste. Without expert testimony, a jury would have to rely on mere speculation and conjecture. See Ladd, 264 P.3d at 757 ("Without an expert witness designation, [plaintiff] cannot establish causation."). As a result, her claims must fail as a matter of law because Ms. Lundgren cannot legally show that

---

[3] Ms. Lundgren contends that she can demonstrate a causal link by relying on her two treating physicians who diagnosed Zicam as the cause for Ms. Lundgren's loss of smell. Ms. Lundgren's argument is incorrect. While it is true that a treating physician acting as a lay witness may give "factual descriptions of his or her personal observations during treatment," Ladd, 264 P.3d at 756, he cannot give testimony that is "based on scientific, technical, or other specialized knowledge . . . ." Fed. R. Evid. 701(c). Any opinion given by the treating physicians of whether Zicam caused Ms. Lundgren's injuries is surely based on that physician's specialized knowledge and training, and is therefore impermissible testimony from a lay witness. See Ladd, 264 P.3d at 757.

Zicam caused her injuries.

### III. CONCLUSION

For the reasons stated above the court ORDERS the following:

- Matrixx's Motion for Summary Judgment (Docket No. 34) is GRANTED, and the claims for design defect, failure to warn, negligence, and misrepresentation are hereby DISMISSED WITH PREJUDICE;

- Matrixx's Motion for Partial Summary Judgment (Docket No. 35) is DENIED AS MOOT;

- Ms. Lundgren's Motion to Strike (Docket No. 49) is DENIED AS MOOT;

- Ms. Lundgren Motion to Amend (Docket No. 56) is DENIED AS MOOT.

Because no claims remain, this case is HEREBY DISMISSED.  SO ORDERED this 18th day of June, 2013.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge